UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KARISELI QUINONES and MIGUELINA CEPEDA, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>MAGIC CLEANING SOLUTIONS LLC, DIAZ CONSULTING GROUP LIMITED d/b/a BLUE MOON PROFESSIONAL SERVICES, BMM MANAGEMENT CORP, FRANNYS PEREZ, ORIAN DIAZ, and SANDY PEREZ,<br><br>Defendants. | **ORDER**<br>22-CV-00197 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

Plaintiffs Kariseli Quinones and Miguelina Cepeda (the "Named Plaintiffs") have asserted claims against Defendants in the above-captioned action for unpaid overtime in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). ECF No. 33 ¶¶ 56–68. Plaintiffs also allege that Defendants further violated the NYLL by failing to pay Plaintiffs on a weekly basis, failing to provide wage notices when Plaintiffs were hired, and failing to provide wage statements when Plaintiffs were paid. *Id.* ¶¶ 69–81. The Named Plaintiffs have brought these claims as representatives of a collective, with respect to their FLSA claims, and a Rule 23 class, with respect to their NYLL claims, on behalf of other individuals employed by Defendants. *Id.* ¶¶ 22–33. Judge Cogan, who previously presided over this case, granted the parties' stipulation conditionally certifying Plaintiffs' FLSA claims as a collective action. *See* ECF No. 24. The parties have separately moved to certify a Rule 23 class, for settlement purposes only, as to Plaintiffs' NYLL claims, and have requested the Court's

approval of their proposed settlement of the FLSA and NYLL claims on behalf of the collective and the class. ECF No. 59.

Some aspects of the Named Plaintiffs' claims, however, differ from the claims asserted by the remaining members of the collective and the class. The parties represent that the Named Plaintiffs are Defendants' only employees who allege that they were improperly classified as independent contractors and have a plausible argument that they worked for both Defendant Magic Cleaning Solutions LLC and Defendant Blue Moon Professional Services as joint employers. *See* ECF No. 55 at 2. Defendants and the Named Plaintiffs have, therefore, reached separate settlements of the Named Plaintiffs' individual claims related to the alleged impropriety of their independent contractor status and Defendants' alleged joint employer liability. The parties have submitted those proposed settlements of the Named Plaintiffs' individual claims for the Court's review and approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). *See* ECF Nos. 55, 57. This order addresses only the proposed settlements of the unique aspects of the Named Plaintiffs' individual claims, and the Court will enter a separate order addressing the parties' motion seeking preliminary approval of their proposed settlement on behalf of the collective and the class.

## **LEGAL STANDARD**

In *Cheeks*, the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [U.S. Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206; *see also Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810–11 (2d Cir. 2022) (holding that, in FLSA cases, district courts must

also review unilateral notices of dismissal by a plaintiff pursuant to Rule 41(a)(1)(A)(i)).[1]

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020). In other words, "[i]f a district court concludes pursuant to *Cheeks* that a proposed settlement is unreasonable in whole or in part, the court cannot simply rewrite the agreement—it must reject the agreement or give the parties an opportunity to revise it." *Id.* at 605.

Although the Second Circuit has not established an exhaustive list of factors that district courts should consider when reviewing FLSA settlements, it has identified the following factors as ones that district courts "typically" use:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Id.* at 600. With respect to attorneys' fees, the fees collected by a plaintiff's attorneys need not be calculated as a percentage of the overall settlement, and in the event that they are calculated as a percentage, they need not be limited to 33% of the settlement. *Id.* at 602–03 (vacating district court order that limited the attorneys' fees collected by plaintiff's counsel to 33% of the settlement). This is because the attorneys' fees provision of the FLSA was designed to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Id.* at 603.

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

## **DISCUSSION**

The Court finds that the parties' proposed settlements of the Named Plaintiffs' individual claims are fair and reasonable according to *Cheeks* and its progeny. Although each Named Plaintiff's recovery of $25,000 represents only 44% of Ms. Quinones's maximum possible recovery related to her alleged misclassification as an independent contractor, and only 60% of Ms. Cepeda's maximum possible recovery for the same claims, *see* ECF No. 55 at 4, the Court finds that the amount is reasonable. This settlement amount reasonably discounts for the possibility that the Named Plaintiffs might have been unable to prove on summary judgment or at trial the full amount of the hours they allegedly worked or that they were entitled to liquidated damages because Defendants' violations were willful. The comparatively smaller recovery by Ms. Quinones, relative to her maximum possible damages, is adequately explained by the parties' representation that Defendants produced during discovery documents suggesting that she purportedly agreed to be an independent contractor. *See id.* at 5. The amount of the Named Plaintiffs' recovery is made even more reasonable by the fact that their counsel is not deducting any attorneys' fees or costs from the settlements of the Named Plaintiffs' individual claims and is instead seeking fees only from the proposed collective- and class-wide settlement. *See id.* at 3.

The procedural history of the case indicates that the settlements of the Named Plaintiffs' individual claims were arm's-length bargains. The Named Plaintiffs were represented by counsel with significant experience litigating wage-and-hour claims, and the parties reached these settlements only after exchanging significant discovery and participating in the District's Court-Annexed Mediation Program.

The Court finds that the non-monetary terms of the parties' settlement agreements are also reasonable. The releases that the Named Plaintiffs are giving to Defendants are not overly

4

broad because they are limited to wage-and-hour claims.  ECF No. 55-2 at 2–3; ECF No. 57-1 at 2–3.  The full settlement agreements have been publicly filed, and they contain no confidentiality provisions, non-disparagement clauses, or provisions limiting the Named Plaintiffs' ability to work in the future.  *See* ECF Nos. 55-2, 57-1.

## **CONCLUSION**

For the reasons set forth above, the Court GRANTS the parties' joint motion to approve the Named Plaintiffs' proposed settlements of their individual claims, as required by *Cheeks*.  *See* ECF Nos. 55, 57.

SO ORDERED.

                                             */s/ Hector Gonzalez*
                                             HECTOR GONZALEZ
                                             United States District Judge

Dated: Brooklyn, New York
        September 6, 2023