UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KARISELI QUINONES and MIGUELINA CEPEDA, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>MAGIC CLEANING SOLUTIONS LLC, DIAZ CONSULTING GROUP LIMITED d/b/a BLUE MOON PROFESSIONAL SERVICES, BMM MANAGEMENT CORP, FRANNYS PEREZ, ORIAN DIAZ, and SANDY PEREZ,<br><br>Defendants. | **ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT**<br>22-CV-00197 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

This matter comes before the Court on the motion for preliminary approval of the class action settlement ("Motion") submitted by Named Plaintiffs, Kariseli Quinones and Miguelina Cepeda ("Named Plaintiffs"), the opt-in Plaintiffs that filed consent to join forms pursuant to 29 U.S.C. § 216(b) ("Opt-in Plaintiffs" and referred to together with Named Plaintiffs as "Plaintiffs"), and the claims of those alleged by Plaintiffs to be similarly-situated putative class and collective members against Defendants, Magic Cleaning Solutions LLC, and Frannys Perez (collectively, the "Magic Cleaning Defendants"), Diaz Consulting Group Limited, BMM Management Corp., and Orian Diaz (collectively, the "Blue Moon Defendants," and together with the Magic Cleaning Defendants, "Defendants") on February 3, 2023.

Having reviewed the Motion, and all documents and exhibits submitted therewith, this Court **GRANTS** preliminary approval of the settlement pursuant to Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216(b). Accordingly, the Court hereby **ORDERS** as follows:

## PRELIMINARY APPROVAL

(1) Upon preliminary review, the settlement reached by the parties, as set forth in both the Motion and in the Settlement Agreement and Release dated February 3, 2023 (ECF No. 59-3, the "Settlement Agreement"), including the allocation formula, attorneys' fees and costs, service awards, and other terms, appears to be fair and reasonable to all involved, suffers from no obvious defects, was reached after arm's-length negotiations between the parties, and appears to constitute a reasonable compromise of the claims and defenses in this matter.

(2) The parties are directed to perform according to the terms of their Settlement Agreement, except as expressly indicated otherwise by this Order or other ruling of this Court.

## CERTIFICATION OF SETTLEMENT CLASSES

(3) The Court hereby certifies, for settlement purposes only, the settlement classes, defined as:

(a) Under Fed. R. Civ. P. 23(a) and (b)(3), all individuals employed by the Blue Moon Defendants as cleaners at any time during the period of January 13, 2016, to September 27, 2022 (hereinafter, the "New York Class");

(b) Under 29 U.S.C. § 216(b), all individuals employed by the Blue Moon Defendants as cleaners at any time during the period of January 13, 2016, to September 27, 2022, and who timely submit a claim form, thereby opting in to the settlement (hereinafter, the "Federal Class," and collectively with the New York Class, the "Settlement Classes").

(4) Pursuant to the Motion and attachments thereto, upon preliminary review, the Court, for settlement purposes only, finds that:

(a) The New York Class is sufficiently numerous that joinder of all putative New York Class members under the circumstances of this litigation and the settlement thereof is impracticable, therefore satisfying the requirements of Rule 23(a)(1);

(b) There are questions of law or fact common to the New York Class members, therefore satisfying the requirements of Rule 23(a)(2);

(c) The claims of the Named Plaintiffs are typical for settlement purposes of the claims of the New York Class members, satisfying the requirements of Rule 23(a)(3);

(d) The Named Plaintiffs, Kariseli Quinones and Miguelina Cepeda, as the representative parties, will fairly and adequately protect the interests of each New York Class member, therefore satisfying the requirements of Rule 23(a)(4);

(e) The Named Plaintiffs, Kariseli Quinones and Miguelina Cepeda, are hereby appointed as the class representatives of the New York Class;

(f) Stevenson Marino LLP (hereinafter, "New York Class Counsel") is hereby appointed as counsel for the New York Class;

(g) Questions of law and fact common to the members of the New York Class, evaluated in the context of and considering this settlement, predominate over questions affecting only individual members, and a class action is superior to other methods available for the fair and efficient settlement of the controversy, satisfying the requirements of Rule 23(b)(3); and

(h) For similar reasons to those set forth above, certification of the Federal Class for purposes of 29 U.S.C. § 216(b) is appropriate for settlement purposes only.

(5) Certification of the New York Class and the Federal Class is contingent on and for purposes of settlement only. If this settlement does not become final for any reason,

Plaintiffs and Defendants shall be restored to their respective positions as if no settlement had been reached. Moreover, if this settlement does not become final for any reason, Defendants shall not have waived any objections that they may have or may have asserted to the certification of any class or collective under Rule 23 and/or decertification under 29 U.S.C. § 216(b), nor shall this Order be deemed to have any preclusive or precedential value with respect to the appropriateness of certification of any such class or final certification of any such collective for any other purposes or in any other circumstances.

## NOTICE TO SETTLEMENT CLASS MEMBERS

(6) The parties' proposed Notice of Pendency of Class Action Settlement (hereinafter, the "Notice"), attached as Exhibit 2 to the Declaration of Jeffrey R. Maguire (hereinafter, the "Maguire Declaration") submitted with the Motion, and the claim form attached as Exhibit 3 to the Maguire Declaration, and the reminder postcard attached as Exhibit 4, are hereby approved, are found to be a reasonable means of providing notice to the New York Class members under the circumstances, and when completed, shall constitute due and sufficient notice of the settlement to all persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

(7) New York Class Counsel has designated, Defendants have consented to, and the Court hereby appoints Arden Claims Service, LLC (hereinafter, the "Claims Administrator") to be responsible for communicating with the members of the New York Class, disseminating the Notice, accepting and maintaining documents sent by the New York Class members, including claim forms, opt-out statements, objections, and other documents relating to claims

administration, and administering claims for allocation, according to the formula set forth in the Settlement Agreement.

(8)     By no later than September 20, 2023, the Blue Moon Defendants are to furnish to the Claims Administrator and New York Class Counsel, in electronic form, a list of all New York Class members, identified by: (i) name; (ii) last known address; (iii) social security/tax identification numbers; and (iv) weeks worked during the period from January 13, 2016, to September 27, 2022.  The list will be contained in a confidential document that the Blue Moon Defendants shall provide to the Claims Administrator and New York Class Counsel.  The list is to be used by the Claims Administrator to effectuate the settlement and may not be disseminated to any other person or entity or used for any other purpose.

(9)     The parties are directed to require the Claims Administrator to send the Notice and claim form referenced in Paragraph (6) above to putative class members by October 6, 2023.

(10)    The parties may make minor, non-substantive revisions to the Notice and claim form following the issuance of this Order as they deem appropriate and necessary and insert deadlines and dates consistent with this Order without requiring further Court involvement.

(11)    The cost of notice, and as incurred, processing of claims and related costs, shall be paid from the settlement fund, as provided for in the Settlement Agreement.

## JOINING OR OPTING OUT OF THE SETTLEMENT

(12)    As described in the Notice, any potential New York Class member may opt out of the New York Class by sending via first class United States mail, postage prepaid, fax, or email, a written, signed statement to the Claims Administrator that states that he or she is opting out of the settlement, and that includes his or her name, address, and telephone number, and includes a statement expressly indicating the New York Class member's intention to opt-out such as: "I opt

out of the Blue Moon wage and hour settlement" to be postmarked or received by on or before December 5, 2023. Individuals who request exclusion shall not be entitled to share the benefits of the settlement, nor be bound by any judgment in connection with this litigation, whether favorable or adverse.

(13)   Any New York Class member who does not properly and timely mail a letter requesting to be excluded as set forth above shall be included in the New York Class, and shall be bound by all of the terms and provisions of the Settlement Agreement pertaining to the released claims as defined in the Settlement Agreement, including the release of such claims, whether or not such New York Class member has objected to the Settlement Agreement and whether or not such New York Class member participates in the settlement by submitting a claim form.

(14)   As also described in the Notice, any potential New York Class member may object to the settlement by sending via first class United States mail, postage prepaid, a written and signed statement to the Claims Administrator that refers to the "Blue Moon Settlement," states his or her name, address, telephone number, and provides a written statement that includes all reasons for the objection with any supporting documentation. The written objection must be signed before a notary public and must also include the following statement: "This statement is truthful and accurate to the best of my knowledge." Any objection must be postmarked or received by on or before December 5, 2023. Any individual who wishes to object to the settlement must still submit a claim form to receive money as part of the settlement, as described in Paragraph (15), below.

(15)     As described in the Notice, any potential New York Class member may participate in the settlement by returning to the Claims Administrator his or her executed claim form, which must be postmarked or received on or before December 5, 2023.

(16)     Any New York Class member who timely executes and returns his or her claim form shall be included in the New York Class and the Federal Class and shall be bound by all of the terms and provisions of the Settlement Agreement pertaining to the released claims as defined therein, including the release of such claims, whether or not such individual has objected to the Settlement Agreement, and whether or not such individual timely negotiates his or her check.

## FAIRNESS HEARING AND FINAL APPROVAL

(17)     Class Counsel shall file Plaintiffs' motion for final approval of the parties' settlement on or before January 4, 2024.

(18)     The Court will hold a fairness hearing on the above-referenced settlement on February 6, 2024, at 11:00am in Courtroom 6A South at the U.S. District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201.

(19)     Any New York Class member who has not filed an opt-out statement may appear at the fairness hearing in person or by counsel and may be heard, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Settlement Agreement, the settlement allocation formula, or New York Class Counsel's request for attorneys' fees and service awards, provided that such person, individually or through counsel, sends his or her written objection(s) to the Claims Administrator, through first class mail postmarked or received by the Claims Administrator by no later than December 5, 2023.  Any individual who wishes to appear at the hearing and be heard must affirmatively state so in his or her objection.  Any

individual who wishes to appear at the hearing and be heard through counsel must also affirmatively state so in his or her objection, and must have his or her counsel file a notice of appearance by no later than January 23, 2024.

(20) Any New York Class member who does not make his or her objection in the manner and by the time provided herein shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Settlement Agreement or to the award of attorneys' fees to New York Class Counsel or service awards to any Plaintiff, unless otherwise ordered by the Court.

(21) The Claims Administrator will stamp the date received on the original and send copies of each claim form, objection, and/or opt-out statement, with supporting documents, to New York Class Counsel and Defendants' counsel by email, to be delivered no later than December 8, 2023.

(22) The date, time, and location of the fairness hearing shall be set forth in the Notice but shall be subject to change by the Court without further notice to the New York Class members other than that which may be posted at the Court or on the Court's website or docket. The Court may approve the Settlement Agreement, if appropriate, without further notice to the New York Class members.

### TERMINATION OF THE SETTLEMENT AND FUTURE RELIANCE

(23) In the event that the settlement is terminated in accordance with the provisions of the Settlement Agreement, the settlement and all proceedings had in connection therewith shall be null and void, except to the extent such nullification and voidance would be contrary to the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, Defendants, and the members of the Settlement Classes. In the event that any party terminates

the Settlement Agreement, the terminating party shall be responsible for paying all of the Claims Administrator's fees incurred or that are otherwise owed to the Claims Administrator, subject to the terms agreed to by the parties in the Settlement Agreement.

(24) In accordance with the Settlement Agreement, neither the Settlement Agreement itself, nor any of the negotiations, statements, and proceedings in connection therewith, including the Court's entry of this Order as well as any final order regarding the settlement, shall be construed or deemed to be evidence of:

(a) An admission or concession by Defendants, any other Releasees (as that term is defined in the Settlement Agreement), Plaintiffs, any member of the Settlement Classes, or any other person regarding the truth or falsity of any claim or allegation in this litigation;

(b) An admission by Defendants or any other Releasees of liability, fault, or wrongdoing; or

(c) An opinion of this Court as to the appropriateness of class action certification under Fed. R. Civ. P. 23 and/or Fair Labor Standards Act final collective action certification under 29 U.S.C. § 216(b) outside the particular circumstances described herein.

**SO ORDERED** this 6th day of September, 2023.

                                               */s/ Hector Gonzalez*
                                               HECTOR GONZALEZ
                                               United States District Judge